# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MICHAEL S. HAYES,

    Plaintiff,

    v.                                  CASE NO. 18-3230-SAC

STATE OF KANSAS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On October 26, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), directing Plaintiff to show cause why his Complaint should not be dismissed as barred by the applicable two-year statute of limitations and because he named improper defendants who were immune from suit. The Court found that Plaintiff's alleged violations occurred in July to October of 1993, more than two years prior to the filing date of his Complaint (September 5, 2018). The Court also found that Plaintiff did not establish a factual basis for tolling the limitation period. Before the Court is Plaintiff's response (Doc. 6) to the MOSC.

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year

statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006).

Plaintiff's response fails to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. Plaintiff acknowledges that the claims he asserts in his Complaint were raised and argued by counsel in a hearing held on October 13, 1993. Plaintiff asks the Court to consider that Plaintiff was only seventeen at the time of the hearing, that he only has a 10th grade education, and that he had no prior knowledge of the law.

"Under Kansas law, equitable tolling applies where a defendant has acted or withheld material knowledge to induce a delay in filing a cause of action." *Gorman v. City of Olathe, Kan.*, 568 F. App'x 597, 599 (10th Cir. 2014) (unpublished) (citing *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 941 (Kan. 1980)). Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing. *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted); *see also McClain v. Roberts*, 2013 WL 3970215, at *3 (Kan. Ct. App. 2013) (finding that equitable tolling did not toll the statute of limitations of a prisoner's § 1983 claim because

ignorance of the law was not an extraordinary circumstance) (citing *Harrison v. United States*, 438 F. App'x 665, 668 (10th Cir. 2011) (unpublished opinion)); *see also* K.S.A. § 60-515 ("if any person entitled to bring an action . . . is less than 18 years of age . . . such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced . . . more than eight years after the time of the act giving rise to the cause of action").

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258–59 (10th Cir. 2006); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009); *see Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff has not shown good cause why his Complaint should not be dismissed. Because Plaintiff did not file his Complaint within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling that limitation period, Plaintiff's action is subject to dismissal as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Complaint is dismissed with prejudice as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of February, 2019.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **Senior U. S. District Judge**